UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SANDRICA GARRETT | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | C.A. NO. _____ |
| VS | § | |
| | § | ADMIRALTY |
| KIRBY INLAND MARINE, LP, | § | |
| CLEOPATRA SHIPPING AGENCY, LTD, | § | |
| AND SEA GALAXY MARINE, S.A. | § | |
| | § | |
| DEFENDANTS. | § | |

**DEFENDANT CLEOPATRA SHIPPING AGENCY, LTD'S NOTICE OF REMOVAL
(SUBJECT TO THE LIMITATION OF LIABILITY ACT PROCEEDING
INITIATED BY SEA GALAXY MARINE, S.A.)**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1333 and 1441(a), Defendant Cleopatra Shipping Agency, LTD ("Cleopatra") hereby gives notice that the above-captioned action pending in the County Court at Law No. 3 of Galveston County, Texas is hereby removed to the United States District Court for the Southern District of Texas – Galveston Division.[1]  In support of removal, Cleopatra states the following:

**STATE COURT ACTION**

1.      On or about April 11, 2014, Plaintiff Sandrica Garrett ("Plaintiff") filed an action against Cleopatra and Kirby Inland Marine, LP ("Kirby") in the County Court at Law No. 3 of Galveston County, Texas styled *Sandrica Garrett v. Kirby Inland Marine, L.P. and Cleopatra Shipping Agency, LTD* (the "State Court Action").

2.      Plaintiff's claims in the State Court Action arise from a March 22, 2014 incident involving a collision between the M/V SUMMER WIND and two barges, Kirby Barge 27705 and Kirby Barge 27706, under the tow of the T/B MISS SUSAN.  Cleopatra is and was at all

---

[1] As noted above, Cleopatra files this notice of removal subject to and without prejudice the Limitation of Liability Act proceeding initiated by Sea Galaxy Marine, S.A.  *See* No. 3:14-cv-00134, *In the Matter of the Complaint of Sea Galaxy Marine*, In the United States District Court for the Southern District of Texas – Galveston Division.

material times the manager of the M/V SUMMER WIND.  Plaintiff alleges that Kirby was her employer at the time of the accident, and that Kirby owned, operated, and/or managed the T/B MISS SUSAN.[2]

3.      On April 28, 2014, Plaintiff served Cleopatra with citation and her original petition in the State Court Action.

4.      On or about April 28, 2014, Plaintiff amended her petition, adding the owner of the M/V SUMMER WIND, Sea Galaxy Marine, S.A. ("Sea Galaxy"), as a defendant.[3]

5.      In the State Court Action, Plaintiff alleges general maritime law claims against Cleopatra and Sea Galaxy.  Additionally, Plaintiff asserts general maritime law claims, as well as claims under the Jones Act, against Kirby.[4]

4.      On or about May 13, 2014, Intevenor-Plaintiff Enrique Salazar intervened in the State Court Action.  Intervenor, another employee of Kirby aboard the T/B MISS SUSAN, makes the same general maritime law claims against Cleopatra and Sea Galaxy, as well as the same general maritime law and Jones Act claims against Kirby.

5.      On May 19, 2014, Cleopatra and Sea Galaxy filed their answer in the State Court Action.

**JURISDICTIONAL BASIS FOR REMOVAL**

**Plaintiff's General Maritime Claims Are Removable**

6.      Plaintiff's claims against Cleopatra arise under the general maritime law.

---

[2] Kirby was served in the State Court Action on or about April 25, 2014.
[3] Sea Galaxy has initiated a limitation proceeding pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.  See* No. 3:14-cv-00134, *In the Matter of the Complaint of Sea Galaxy Marine*, In the United States District Court for the Southern District of Texas – Galveston Division.  In connection with Sea Galaxy's limitation of liability proceeding, the court in the limitation proceeding issued an order that effectively stayed all outside actions, including the State Court Action.
[4] The State Court Action is also effectively stayed by a stay order issued in a separate limitation of liability proceeding initiated by Kirby, which is currently pending in this District.  No. 4:14-cv-01321, *In the Matter of the Complaint of Kirby Inland Marine, LP*, In the United States District Court for the Southern District of Texas – Houston Division.

7.      Because Plaintiff's claims are based on maritime law, this Notice of Removal is filed on the basis of jurisdiction conferred by 28 U.S.C. §§ 1333 and 1441(a).  A federal court's authority to hear cases in admiralty flows initially from the Constitution, which "extend[s]" federal judicial power "to all cases of admiralty and maritime jurisdiction."  U.S. Const., Art. III, § 2; *see also Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 531 (1995).  "Congress has embodied that power in a statute giving federal district courts in a statute giving federal district courts 'original jurisdiction . . . of . . . [a]ny civil case of admiralty or maritime jurisdiction . . . .'"  28 U.S.C. § 1331(1); *see also Grubart*, 513 U.S. at 531

8.      Before January 2012, courts interpreted 28 U.S.C. § 1441(a) to mean that a claim within the admiralty jurisdiction could be removed only when there was a separate basis for federal jurisdiction.  But 28 U.S.C. § 1441 was amended in 2011 as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. 394, P.L. 112-63.  The 2011 amendment removes the language in Section 1441(b) that had been interpreted as barring removal of federal maritime cases.  *See*, e.g., *Ryan v. Hercules Offshore, Inc.*, 945 F.Supp.2d 772, 774–78 (S.D. Tex. 2013) (Miller, J.); *Carrigan v. M/V AMC AMBASSADOR*, No. 13–3208, 2014 WL 358353 (S.D. Tex. Jan. 31, 2014) (Werlein, J.) (following *Ryan*); *Wells v. Abe's Boat Rentals, Inc.*, 2013 WL 3110322 (S.D. Tex. June 18, 2013) (Rosenthal, J.) (same).

9.      Section 1441(a) currently states:  "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Accordingly, the instant case is removable because Plaintiff asserts general maritime law claims, which are claims within the original jurisdiction of this Court.

10.     Pursuant to 28 U.S.C. §§ 1333 and 1441(a), and without prejudice to any defense Cleopatra may have to Plaintiff's action, jurisdictional or otherwise, Cleopatra removes this action from the County Court at Law No. 3 of Galveston County, Texas to the United States District Court for the Southern District of Texas – Galveston Division.

## VENUE IS PROPER IN THIS COURT

11.     The United States District Court for the Southern District of Texas – Galveston Division embraces the county in which the State Court Action was filed.  Accordingly, this case is properly removed to this Court under 28 U.S.C. § 1446(a).

## REMOVAL IS TIMELY

12.     Cleopatra was served with citation and Plaintiff's original petition in the State Court Action on April 28, 2014.  Accordingly, pursuant to 28 U.S.C. 1446(b)(1) removal is timely, as it is filed within thirty (30) days of service.

## CONSENT TO REMOVAL BY CO-DEFENDANTS

13.     Kirby's Notice of Consent to Removal is attached as **Exhibit A**.  Sea Galaxy's Consent to Removal is attached as **Exhibit B**.

## OTHER MATTERS

14.     Written notice of the filing of this Notice of Removal will be given to all adverse parties, as required by the provisions of 28 U.S.C. § 1446(d).

15.     A true and correct copy of this Notice of Removal will be filed with the District Clerk for the County Court at Law No. 3 of Galveston County, Texas, as required by the provisions of 28 U.S.C. § 1446(d).  Cleopatra is providing the County Court at Law No. 3 of Galveston County, Texas with written notice of this removal.

16.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, copies of all process, pleadings, and orders signed by the state judge (if any), a copy of the docket sheet, a complete

list of all counsel of record, together with an index of such documents are attached hereto collectively as **Exhibit C**.

17.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's and Intervenor's counsel and a copy is being filed with the Clerk for the County Court at Law No. 3 of Galveston County, Texas.

WHEREFORE, Cleopatra hereby removes this action to the United States District Court for the Southern District of Texas – Galveston Division.

Respectfully submitted,

  */s/ Dimitri P. Georgantas*
Dimitri P. Georgantas
Attorney-in-Charge
Federal I.D. No. 2805
Texas State Bar No. 07805100
Kevin P. Walters
Federal I.D. No. 5649
Texas State Bar No. 20818000
Eugene W. Barr
Federal I.D. No. 1144784
Texas State Bar No. 24059525
801 Travis Street, Suite 1910
Houston, Texas 77002
Telephone:  713.546.9800
Facsimile:  713.546.9806
Email:     georgantas@chaffe.com
           walters@chaffe.com
           barr@chaffe.com

ATTORNEYS FOR DEFENDANTS,
CLEOPATRA SHIPPING AGENCY, LTD.
AND SEA GALAXY MARINE, S.A.

OF COUNSEL:
CHAFFE McCALL, L.L.P.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of May, 2014, I served a true and correct copy of the foregoing via electronic mail and/or facsimile transmission and/or personal delivery, and/or by placing a copy of same in the U.S. mail, postage prepaid and properly addressed on the following known counsel of record:

Jad J. Stepp
Dennis J. Sullivan
STEPP & SULLIVAN, P.C.
1010 Lamar Street, Suite 810
Houston, Texas 77002
Fax: 713-336-7250
jstepp@ss-pc.com
dsullivan@ss-pc.com

Cory D. Itkin
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas 77007
Fax:  713-222-3850
catkin@arnolditkin.com

 _/s/ Dimitri P. Georgantas_
Dimitri P. Georgantas